IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RENAISSANCE RECOVERY
SOLUTIONS, LLC, UNITED STATES
FIRES INSURANCE COMPANY, and
INTERSTATE FIRE AND CASUALTY
COMPANY,

    Plaintiffs,

    v.

MONROE GUARANTY INSURANCE
COMPANY and FCCI INSURANCE
COMPANY,

    Defendants.

CV 1:14-102

## O R D E R

Presently before the Court are the parties' motions for renewed summary judgment. In reviewing the briefs, the Court has discovered an unaddressed legal question. The Court now asks the parties to provide supplemental briefing to address the Court's concerns.

The threshold issue in the present case is which state's law governs the priority and allocation of payment among the various insurers who are responsible for paying the damages related to the underlying litigation. "When a choice-of-law question arises in a contract action brought in Georgia, substantive matters such as the validity and construction of the

contract are governed by the substantive law of the state where the contract was made (or is to be performed, if that is a different state); but procedural and remedial matters are governed by the law of Georgia, the forum state." Allstate Ins. v. Duncan, 462 S.E.2d 638, 640 (Ga. Ct. App. 1995). In the context of insurance contracts, the place of performance is deemed to be the place where the contract was delivered. Lima Delta Co. v. Global RI-022 Aerospace, Inc., 789 S.E.2d 230, 235 (Ga. Ct. App. 2016). Because both primary insurance contracts were delivered in Michigan, the assumption made by the state court, the parties, and this Court has been that Michigan law should apply to the interpretation of all insurance contracts at issue in this case. The Court now questions that assumption.

This Court's research reveals a caveat to Georgia's choice-of-law rules which casts doubt on the parties' mutual assertion that Michigan law should apply when determining the priority and allocation issues related to this dispute. The caveat is that "[n]otwhistanding certain confusion concerning the current choice of law rule followed in the Georgia courts, it is clear that the application of another jurisdiction's laws is limited to statutes and decisions construing those statutes. When no statute is involved, Georgia courts apply the common law as developed in Georgia rather than foreign case law." Frank Briscoe Co. v. Georgia Sprinkler Co., 713 F.2d 1500, 1503 (11th Cir. 1983). This caveat has been recognized multiple times.

2

See Budget Rent-A-Car Corp. of Am. v. Fein, 342 F.2d 509, 513 (5th Cir. 1965)(noting that "where there is no applicable foreign statute" Georgia courts presume the common law applies and apply the common law "as illumined by Georgia decisions"); Briggs & Stratton Corp. v. Royal Globe Ins., 64 F.Supp.2d 1340, 1343-1344 (M.D. Ga. 1999)(re-affirming Frank Briscoe Co.); Calhoun v. Cullum's Lumber Mill, Inc., 545 S.E.2d 41, 44-46 (Ga. Ct. App. 2001)(applying Georgia common law after determining that no South Carolina statute was applicable to resolution of a contract dispute); John B. Rees, Jr., Choice of Law in Georgia: Time to Consider a Change?, 34 Mercer L. Rev. 787, 789 (1983)(recognizing that "Georgia's choice of law system is unusual in that the application of another jurisdiction's laws is limited to statutes and decisions construing those statutes").

In light of this newly discovered case law, the Court requests that the parties re-consider their previous briefings and file supplemental briefings educating the Court on what impact, if any, this case law might have on the choice-of-law issue before the Court. Specifically, the Court desires briefing on whether any Michigan statutes govern the interpretation of the contracts in dispute and whether the parties still believe that Michigan, rather than Georgia law, should apply to the priority and allocation issues.

The Court also notes that if it were to declare that Georgia law applies to the interpretation of the policies, its ruling would be in contradiction to the previous state appellate court ruling on the interpretation of the Monroe policy. Nuvell Nat. Auto Finance, LLC v. Monroe Guar. Ins., 736 S.E.2d 463, 468 (Ga. Ct. App. 2012)("We find, as did the trial court, that, since the policy was issued and delivered in Michigan, Michigan substantive law applies to interpretation of the policy."). Thus, the Court requests supplemental briefing by the parties on whether a contrary ruling would be barred by any procedural or constitutional constraints — either state or federal. The Court has a particular interest in knowing whether an adverse ruling would create any collateral estoppel issues.

The parties shall file their briefs on the requested issues by **Thursday, May 4 at 5 p.m.**

**ORDER ENTERED** at Augusta, Georgia, this 25th day of April, 2017.

```
_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA
```