IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

RENAISSANCE RECOVERY  
SOLUTIONS, LLC, UNITED STATES  
FIRE INSURANCE COMPANY, and  
INTERSTATE FIRE AND CASUALTY  
COMPANY,

    Plaintiffs,

v.

MONROE GUARANTY INSURANCE  
COMPANY and FCCI INSURANCE  
COMPANY,

    Defendants.

CV 1:14-102

# ORDER

In a previous order ruling on the parties' cross-motions for summary judgment, the Court ruled that Defendant Monroe owed Plaintiffs $632,198.53 and requested the parties issue a proposed judgment detailing the amount of interest, if any, owed by Defendant Monroe to Plaintiffs. (Doc. 96.) The parties, unsurprisingly, could not come to an agreement. This Order settles their dispute.

## I. BACKGROUND

The background of this case has been amply discussed in the Court's previous orders. (Docs. 65, 96.) Nevertheless, the Court will include an abbreviated and simplified history of the proceedings for the reader's convenience.

In 2009 Michael Brown killed William Jacobs while attempting to repossess a truck. Jacobs' wife brought suit (the "Jacobs Action") against Brown, Nuvell Auto Finance, Renaissance Recovery Solutions, LLC, and Renovo Services, LLC (the "Tortfeasors"). After a trial in Columbia County, Georgia, a jury awarded a joint and several liability verdict against the Tortfeasors in the amount of $2.5 million dollars (the "Jacobs Verdict").

The parties to this case insured the Tortfeasors. During the Jacobs Action, Defendants in this case — Monroe and FCCI — refused to participate. Plaintiffs in this case — U.S. Fire and Interstate — attempted to force Defendants' participation by filing a third-party complaint claiming Defendants were contractually obligated to defend the Tortfeasors. Prior to trial in the Jacobs Action, the trial court severed the third-party complaint from the Jacobs Action and granted summary judgment in favor of Defendants in this case.

On appeal, the Georgia Court of Appeals found that Defendants did owe coverage to the Tortfeasors. After remand to the trial court, the case was removed to this Court. In this Court's previous summary judgment order, the Court revised portions of its initial summary judgment order and found Defendant Monroe liable to Plaintiffs in the amount of $632,198.53. The Court requested the parties to submit "a joint proposed judgment detailing how Monroe's coverage obligations, including any interest, should be distributed among Plaintiffs." (Doc. 96, at 44.) The parties, however, could not agree on the amount of interest owed by Defendant Monroe.

2

Plaintiffs argue that under Georgia law, O.C.G.A. § 7-4-12, they are entitled to post-judgment interest on the $632,198.53 granted by this Court's previous order and calculated from the date of the <u>Jacobs</u> Verdict. Defendants counter that Plaintiffs are not entitled to post-judgment interest under § 7-4-12 and that they are no longer entitled to interest under Michigan law, M.C.L. § 500.2006, as this Court previously found in its order dated July 13, 2016 (doc. 65). The Court concludes that Plaintiffs are not entitled to interest under Georgia law, § 7-4-12, or Michigan law, § 500.2006.

## II. O.C.G.A. § 7-4-12

Plaintiffs argue that they are entitled to interest under O.C.G.A. § 7-4-12. Section 7-4-12 provides that parties are automatically entitled to post-judgment interest "to all judgments in [Georgia] and the interest shall be collectable as a part of each judgment whether or not the judgment specifically reflects the entitlement to postjudgment interest." Plaintiffs argue that the judgment to which the Court should look for purposes of calculating interest is the <u>Jacobs</u> Verdict. Accordingly, Plaintiffs assert that the Court's award of $632,198.53 in its previous order should be treated as if it was awarded in December 2011. Thus, Plaintiffs argue that they are entitled to $232,094.80 of interest (calculated according to the rate set by § 7-4-12(a) and accruing from the date of December 8, 2011) for a total award of $864,293.33.

3

Section 7-4-12, however, does not apply to the present situation. The operative judgment for § 7-4-12 is the final judgment entered in this action, not the final judgement entered in the <u>Jacobs</u> Action. The state trial court severed the present action from the <u>Jacobs</u> Action. Thus, this action cannot relate back to the judgment entered against the Tortfeasors. As this Court has emphasized, this action is a contribution action amongst co-insurers that seeks to divide a common liability incurred by their co-insured as a result of the <u>Jacobs</u> Verdict. (Doc. 96, at 25-26.) This action only relates to the <u>Jacobs</u> Verdict because the <u>Jacobs</u> Verdict established how much money is potentially owed between the parties to this case <u>as co-insurers</u> of the Tortfeasors. The <u>Jacobs</u> Verdict has long been paid and satisfied by Plaintiffs in this case. Accordingly, any post-judgment interest under § 7-4-12 would apply to the final judgment entered in this case only — a judgment which has not yet been entered. Plaintiffs, therefore, are not entitled to any interest under § 7-4-12.

### III. M.C.L. § 500.2006

Defendants argue that this Court's ruling on September 12, 2017, characterizing the present action as one for contribution rather than subrogation, altered the Court's ruling on July 13, 2016, with regards to the Court's application of M.C.L. § 500.2006. Defendants are correct.

4

In its July 13, 2016 ruling, this Court characterized the present action as one for subrogation. (Doc. 65, at 8.) In its September 12, 2017 ruling, however, this Court reversed course and characterized the present action as one for contribution. (Doc. 96, at 26.) The Court's characterization of this action as one for contribution fundamentally alters the Court's application of M.C.L. § 500.2006.

Section 500.2006 states:

> A person must pay on a timely basis to its insured, a person directly entitled to benefits under its insured's insurance contract, or a third party tort claimant the benefits provided under the terms of its policy, or, in the alternative, the person must pay to its insured, a person directly entitled to benefits under its insured's insurance contract, or a third party tort claimant 12% interest, as provided in subsection (4), on claims not paid on a timely basis. Failure to pay claims on a timely basis or to pay interest on claims as provided in subsection (4) is an unfair trade practice unless the claim is reasonably in dispute.

Originally, the Court's description of this action as one for subrogation led it to consider Plaintiffs to be an "insured" under § 500.2006. "Because a subrogee stands in the shoes of the insured and is entitled to the same rights as the insured, a subrogee has the same rights as the insured to recover interest under § 500.2006." (Doc. 65, at 24.) After this Court's characterization of the present action as one for contribution to be governed under Georgia law, however, the Court's original reasoning is no longer applicable. Because Plaintiffs no longer stand in the shoes of their insured, they do not qualify as (1) an "insured"; (2) "a person directly entitled to benefits under [an] insured's insurance contract"; or (3) a "third party tort

5

claimant." Thus, § 500.2006 does not apply and Plaintiffs are not entitled to 12% interest.

### VI. CONCLUSION

Because Plaintiffs have identified no additional laws which might entitle them to interest, the Court concludes that Plaintiffs are not entitled to any interest — besides any potential post-judgment interest provided by 28 U.S.C. § 1961 — related to this Court's final judgment.

The Court **DIRECTS** the Clerk to **ENTER JUDGMENT** against Defendant Monroe and in favor of Plaintiff Interstate Fire & Casualty Co. in the amount of **$632,198.53**.[1] The Court **FURTHER DIRECTS** the Clerk to **CLOSE** this case and **TERMINATE** all deadlines.

**ORDER ENTERED** at Augusta, Georgia, this 15th day of March, 2018.

J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

---

[1] Plaintiffs have informed this Court that "Plaintiff Interstate Fire & Casualty is the property [sic] party to whom payment is owed." (Doc. 99, at 2.)